UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| FRED SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-654-HE |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Fred Smith, an Oklahoma prisoner appearing pro se, filed this action under 42 U.S.C. §§ 1983 and 2000cc, challenging the Oklahoma Department of Corrections' policy governing inmates' access to religious meals and items. Compl. (Doc. No. 1) at 3-7, 8-11. Chief United States District Judge Joe Heaton has referred Plaintiff's case to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. The matter is currently before the Court on Plaintiff's Motion to Compel (Doc. No. 7), and Motion for Appointment of Counsel (Doc. No. 10).

Plaintiff first asks the Court to order prison officials "to issue the payment of the $400 filing fee for this case from Plaintiff's inmate trust fund account." Mot. to Compel at 1. The Court received Plaintiff's full $400 filing fee on July 11, 2016. Accordingly, Plaintiff's Motion to Compel (Doc. No. 7) is DENIED as MOOT.

Plaintiff also asks the Court to appoint counsel to represent Plaintiff because he is indigent, elderly, and takes "powerful medications" that impair Plaintiff's "ability to assist the other inmates who are helping him litigate this case." Mot. to Appoint Counsel

1

at 1. Generally, the Court may only "request," not "appoint," legal representation for a civil litigant, and such request is initially based on the litigant's indigent status. *See* 28 U.S.C. § 1915(e)(1). Before the Court will make such request, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam). In determining whether the appointment of counsel for an indigent prisoner is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court understands Plaintiff's concerns as an elderly prisoner representing himself, but notes that, to date, Plaintiff has filed a comprehensive Complaint and several substantive motions, with citations to legal authority, in this lawsuit—including the motion requesting counsel that is now before the Court. The circumstances described in Plaintiff's motion, unfortunately, do not distinguish him from many other persons in a similar situation. Further, Plaintiff has not presented any evidence supporting the alleged limitations in his ability to represent himself at this early stage of the proceedings.[1] Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. No. 10) is DENIED without prejudice.

---

[1] Plaintiff's Complaint is subject to preliminary screening even though he has prepaid the $400 filing fee. 28 U.S.C. § 1915A(a)-(b); 42 U.S.C. § 1997e(c), (g)(2); *see Plunk v. Givens*, 234 F.3d 1128, 1129-30 (10th Cir. 2000). The Clerk of the Court shall not issue process until directed to do so by the Court.

IT IS SO ORDERED this 7th day of November, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE