# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-16-654-HE |
| | ) |
| OKLAHOMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff Fred Smith, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 2000cc-2(a), challenging Defendant's policy governing inmates' access to religious meals and items. The Court has conducted a preliminary review of the Complaint (Doc. No. 1) and finds that an investigation and special report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In compliance with the guidelines set forth in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), IT IS THE ORDER OF THIS COURT that:

(1) Plaintiff shall cause a copy of this Order and of the Complaint, along with a summons issued by the Court Clerk, to be served on each Defendant named in the Complaint. *See* Fed. R. Civ. P. 4(c)(1). Service shall be accomplished as follows:

    (a) The Court has received Plaintiff's Pro Se Litigant's Request for Issuance of Summons and is holding a copy of Plaintiff's proposed summons in the Clerk's Office. The Court Clerk is directed issue the

summons to Plaintiff for service on Defendant based on the information provided by Plaintiff.[1] Fed. R. Civ. P. 4(b).

(b) Plaintiff is responsible for ensuring that service of process is accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(2), (j)(2).

(c) Defendant must be served within 90 days from the date of this Order. Unless service is waived, Plaintiff must ensure that a proof of service is filed for Defendant on or before the expiration of this 90-day time period. *See* Fed. R. Civ. P. 4(c), (d), (*l*), (m). The failure to file timely proof of service as to any Defendant may result in the dismissal of the claims against that Defendant. *See* Fed. R. Civ. P. 4(m).

(2) Officials responsible for the operation of the James Crabtree Correctional Center in Helena, Oklahoma, shall undertake a review of the subject matter of the Complaint:

(a) to ascertain the facts and circumstances, including the outcome of administrative relief sought by Plaintiff;

(b) to consider whether any action can and should be taken by the institution(s) or appropriate officials to resolve the subject matter of the Complaint; and

(c) to determine whether prior related complaints, either in this Court or elsewhere, should be considered together with this Complaint.

(3) Following completion of the review, a written special report setting forth the findings shall be compiled. The special report shall restate in separate paragraphs the allegations of the Complaint followed by the pertinent information developed by the review. If appropriate, medical and psychiatric records shall be included in the special report. Likewise, any rules and regulations applicable to the claims and time frame of the Complaint shall be included as part of the special report.

(4) The special report shall be filed no later than 60 days from the date on which Defendant is served. If Defendant waives service, the date on which the waiver form is sent shall be considered the date of service. *See* Fed. R. Civ. P. 4(d)(4).

(5) Further, in accordance with 42 U.S.C. § 1997e(g)(2) and Local Civil Rule 9.2(c), the Court orders Defendant to file an answer or a dispositive motion within 60 days of service.

---

[1] Plaintiff is not authorized to proceed under 28 U.S.C. § 1915 in this action.

(6) If a motion to dismiss or other dispositive motion is filed, Plaintiff must file a response within 21 days from the date the motion was filed. *See* LCvR 7.1(g). Failure to respond to the motion within that time period may result in the motion being deemed confessed. *Id.*

(7) Unless otherwise ordered, any party shall have 7 days to respond to a request for an extension of time.

(8) No discovery shall be served upon any party until the special report has been filed, except as the Court may otherwise order.[2]

The Court Clerk is directed to mail an executed summons, along with a copy of this Order and the Complaint (Doc. No. 1), to Plaintiff at his address of record.

IT IS SO ORDERED this 1st day of December, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant is advised that a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies is typically considered a motion for summary judgment, governed by the procedural rules applicable to such motions. If appropriate, however, Defendant may seek leave from the Court to file an initial motion for summary judgment based solely upon this affirmative defense and to have the parties' discovery initially limited to the nonexhaustion issue. If disposition of such an initial motion is not dispositive of the entire case, the Court may grant leave for Defendant to file a second motion for summary judgment. *See* LCvR 56.1(a).