UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-654-HE |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Fred Smith, an Oklahoma prisoner appearing pro se, brings this action under 42 U.S.C. § 2000cc-2(a), challenging Defendant Oklahoma Department of Corrections' ("ODOC") policy governing inmates' access to religious meals and items. *See* Compl. (Doc. No. 1) at 3-7, 8-11; *see also* Order Requiring Serv. & Spec. R. (Doc. No. 19) at 1-3.[1] Chief United States District Judge Joe Heaton has referred this action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. The matter is currently before the Court on Plaintiff's "Petition for Emergency Injunction" ("Pl.'s Pet.," Doc. No. 11) and "Motion for Preliminary Injunction or Temporary Restraining Order" ("Pl.'s Mot.," Doc. No. 12).[2]

---

[1] Plaintiff has 90 days from December 1, 2016, to accomplish service of process upon Defendant. *See* Order Requiring Serv. & Spec. R. at 2 & n.1.

[2] Plaintiff filed these motions while he was incarcerated at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. *See* Pl.'s Pet. at 3; Pl.'s Mot. at 5. He has since been transferred to Joseph Harp Correctional Center in Lexington, Oklahoma. *See* Change of Address (Doc. No. 25) at 1 (filed Jan. 6, 2017).

## PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

In his "Petition for Emergency Injunction," Plaintiff alleges that Defendant ODOC, "by and through JCCC Warden Jason Bryant, is engaging in an ongoing and continual course of obstruction of justice" by delaying mail delivery. Pl.'s Pet. at 1, 2. He asks the Court to "take some sort of appropriate corrective action, such as issuing a preliminary injunction," *id.* at 3, "compelling Warden Bryant to deliver incoming legal mail within 48 hours of the time it arrives" at JCCC, and to allow Plaintiff "access to mailroom services . . . each day the mailroom is scheduled to be open," *id.* at 1. Plaintiff certifies that he "mailed a true and correct copy of [this motion] via prepaid, first class mail" to several state prison officials, including Warden Bryant and "David Cincotto / DOC General Counsel," on August 10, 2016. Pl.'s Pet. at 3.

In his "Motion for Preliminary Injunction or Temporary Restraining Order," Plaintiff alleges that two JCCC medical personnel refused to give Plaintiff pain medication for his shingles rash in August and September 2016. *See* Pl.'s Mot. at 1-3. Plaintiff alleges that these officials did this intentionally to "retaliate" against Plaintiff for complaining about "the lack of adequate medical care" and for filing this lawsuit against ODOC. *Id.* at 3. He asks the Court to "issue an appropriate order such that he be immediately provided with effective medication for his shingles rash and a sufficient supply of Tylenol or Ibuprofen to relieve his pain until the shingles rash goes away." *Id.* at 3. Plaintiff also requests a court order requiring Defendant ODOC to let Plaintiff "go to the law library at

least 2 hours per week" so Plaintiff can "work on this case and another case."[3] *Id.* at 4-5. Plaintiff certifies that he "mailed a true and correct copy of [this motion] via prepaid, first class mail" to Warden Bryant and "David Cincotto / DOC General Counsel" on September 12, 2016. Pl.'s Mot. at 6.

STANDARD OF REVIEW

Plaintiff's motions are not sworn or verified and do not contain any "specific facts" showing that Plaintiff will suffer "immediate and irreparable injury, loss, or damage" if a temporary restraining order ("TRO") is not issued "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Because such motions plainly would not support issuance of a TRO, the Court evaluates Plaintiff's motions as requests for preliminary injunctions under Rule 65(a) of the Federal Rules of Civil Procedure.[4]

A preliminary injunction is an "extraordinary remedy" meant to preserve the relative positions of the parties until a trial on the merits of the plaintiff's claims can be held. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Univ. of Tex. v.*

---

[3] In June 2016, Plaintiff filed this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), challenging Defendant ODOC's policy governing inmates' access to religious meals and items. In September 2016, Plaintiff filed a separate lawsuit alleging that several individuals and ODOC violated Plaintiff's rights under various federal laws. *See* Compl. (Doc. No. 1) at 1-22, *Smith v. Drawbridge*, No. CIV-16-1135-HE (W.D. Okla.).

[4] In addition, "Rule 65(b) generally contemplates that a TRO would be issued only for a short term and 'without written or oral notice to the adverse party or its attorney.'" *Smith v. Jones*, No. CIV-12-1365-HE, 2014 WL 5448890, at *32 n.19 (W.D. Okla. Oct. 23, 2014) (quoting Fed. R. Civ. P. 65(b)), *aff'd*, 606 F. App'x 899 (10th Cir. 2015). "Because Defendant[] here had both notice and an opportunity to respond to Plaintiff's [motions], the Court should treat the request for a TRO as superseded by the alternative request for a preliminary injunction." *Id.* (citing cases).

3

*Camenisch*, 451 U.S. 390, 395 (1981). The party seeking a preliminary injunction generally must show: (1) a substantial likelihood that he or she will prevail on the merits; (2) he or she will suffer irreparable harm unless the injunction is issued; (3) that the potential harm from the threatened injury to the moving party outweighs the harm from the preliminary injunction to the nonmoving party; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). Issuance of a preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Id.*

## ANALYSIS

Plaintiff has not shown that he is entitled to preliminary injunctive relief against Defendant ODOC (or its nonparty agents). First, with respect to Plaintiff's assertion of limited access to JCCC's law library and mailroom services, Plaintiff has not shown that he is likely to suffer irreparable harm if the Court does not grant the requested injunction. *See Natural Res. Def. Council*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."). In his "Petition for Emergency Injunction," Plaintiff contends that JCCC Warden Bryant closed the JCCC mailroom "at least 1 day per week on days it was supposed to be open" in summer 2016. Pl.'s Pet. at 1, 2. Plaintiff also contends that the JCCC law library was "closed for several days in a row during August . . . 2016." *Id.* at 2. Plaintiff's "penitentiary-specific" request for preliminary injunctive relief against JCCC's Warden almost certainly became moot when Plaintiff was transferred to another prison earlier this month. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011);

4

Change of Address at 1. Even if that were not so, Plaintiff does not establish how the cited actions—or the greater limitations on access implied in the Petition and subsequent Motion for Preliminary Injunction—have precluded him from timely filing or prosecuting this lawsuit, or how they should be expected to do so in the future. Nor does Plaintiff establish that any harm he is suffering with respect to access to law library and mailroom services would warrant this Court's intrusion into ODOC's management of JCCC. *See* 18 U.S.C. § 3626(a)(2).

Second, Plaintiff's allegations regarding the treatment Plaintiff has received from JCCC medical personnel do not support issuance of a preliminary injunction. Again, Plaintiff's criticisms of the medical treatment he received at JCCC were rendered moot by his transfer to another facility. *See Jordan*, 654 F.3d at 1027-28. Further, the relief sought is not sufficiently related to the claims pending before the Court in this lawsuit. "In addition" to the standard elements required to establish a right to a preliminary injunction, set forth above, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted). A preliminary injunction may not issue "to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Little*, 607 F.3d at 1251. In this action, the conduct challenged by Plaintiff under 42 U.S.C. §§ 2000cc-2(a) is Defendant ODOC's denial of religious meals and items to inmates pursuant to a policy that Plaintiff asserts violates his free-exercise rights. *See* Compl. at 3-22. Plaintiff has asserted no claim

regarding medical treatment or retaliation in this lawsuit. *See id.* Thus, Plaintiff's new allegations related to the treatment Plaintiff received from JCCC medical personnel "d[o] not support the issuance of a preliminary injunction in this case." *Little*, 607 F.3d at 1251.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's "Petition for Emergency Injunction" (Doc. No. 11), and "Motion for Preliminary Injunction or Temporary Restraining Order" (Doc. No. 12), construed as motions for preliminary injunctions, be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 15, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of January, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE