# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

FRED SMITH, )
 )
        Plaintiff, )
 )
v. )    NO. CIV-16-654-HE
 )
JOE ALLBAUGH, *et al.*, )
 )
        Defendants. )

## ORDER

Plaintiff Fred Smith, an Oklahoma prisoner proceeding *pro* se, filed this action under various federal statutes against multiple officials of the Oklahoma Department of Corrections ("ODOC"). He seeks monetary and injunctive relief. Consistent with 28 U.S.C. § 636, the case was referred for initial proceedings to Magistrate Judge Charles B Goodwin. Following initial screening pursuant to 28 U.S.C. § 1915A, the magistrate judge issued a Report and Recommendation ("Report"). He recommends dismissal without prejudice of all claims in the amended complaint except for plaintiff's § 1983 claim against defendants Joe Allbaugh and Mr. Shelight based upon plaintiff's alleged confinement in an outdoor pen in extreme cold. Plaintiff has objected to the Report.

The standard of review for screening under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). When reviewing a claim under that standard, the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive screening, the complaint must allege "enough facts to state a claim to relief that is plausible

on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally, but does not act as his advocate. Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

## Background

Plaintiff's claims are based on alleged violations of his federal statutory and constitutional rights, which he asserts occurred while he was incarcerated at James Crabtree Corrections Center ("JCCC"), a state-operated prison in Oklahoma. He has sued seven state officials in both their individual and official capacities, along with two other persons, Mr. Shelight and Mr. Denton.[1] The magistrate judge concluded the amended complaint fails to include sufficient facts to state a cognizable claim for relief under the First Amendment, the Religious Land Use and Institutionalized Persons Act, Title II of the ADA or Section 504 of the Rehabilitation Act. He determined that it does, though, "contain[] sufficient factual matter for the Court to identify two potential § 1983 Eighth Amendment claims" against seven of the named defendants.[2] Doc. #40, p. 10.[3] The two claims are

---

[1] *As the magistrate judge notes, it is unclear what positions Mr. Shelight and Mr. Denton hold within the ODOC.*

[2] *As for defendants Jason Bryant, JCCC's Warden, and Dan Grogan, a unit manager at JCCC, the magistrate judge determined plaintiff had failed to state a claim against either of them. See Doc. #40 p. 10, n.3. The court agrees.*

[3] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

2

based on plaintiff's alleged receipt of unsatisfactory medical care and his assertion that he was placed in a "dog pen" during cold weather.

The magistrate judge first considered whether the complaint states a claim against the defendants in their individual capacities for deliberate indifference to plaintiff's serious medical needs. Plaintiff contends he was improperly denied a catheter and that defendants refused to provide appropriate medication for his shingles rash and then delayed his receipt of the medication that was prescribed. As thoroughly explained by the magistrate judge in the Report, plaintiff has not alleged sufficient facts to demonstrate the required elements of an Eighth Amendment violation against the various health care providers.

The magistrate judge reached the opposite conclusion with respect to plaintiff's §1983 claim against defendants Shelight and Allbaugh. He determined plaintiff has pleaded sufficient facts to state a claim against those two defendants for allegedly subjecting plaintiff to inhumane conditions of confinement at JCCC. However, he concluded plaintiff did not state a claim against defendant Denton based on his asserted failure to investigate defendant Shelight and defendant Allbaugh's conduct. That was because, he stated, plaintiff did not allege any facts that defendant Denton personally violated plaintiff's constitutional rights.

The magistrate judge then proceeded to consider plaintiff's § 1983 claims against defendants in their official capacities. To the extent plaintiff seeks to recover monetary relief, he concluded the claims are barred by the Eleventh Amendment. Insofar as plaintiff

3

seeks injunctive relief, the magistrate judge recognized that the Eleventh Amendment does not bar "an official-capacity suit against a state official if his Amended Complaint 'alleges an ongoing violation of federal law and . . . seeks prospective [injunctive] relief.'" Doc. #40, p. 21 (quoting Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012)). However, he determined plaintiff has not stated a viable claim for injunctive relief for two reasons. First, the injunctions sought in the amended complaint are not related to plaintiff's two claims "which seek redress under § 1983 for allegedly subjecting Plaintiff to inhumane conditions of confinement at JCCC." Doc. #40, p. 22. Second, plaintiff has not alleged an ongoing violation of federal law, but rather has pleaded past infringements.

In his objection plaintiff does not challenge the magistrate judge's analysis of his claims. Instead, he essentially contends that because of his disabilities he should not be required to comply with the basic pleading requirements of the Federal Rules, but should be allowed to verbally communicate with the court. He also criticizes the magistrate judge for issuing his Report without investigating the "facts, evidence or parties." Doc. #43, p. 1.

While a *pro se* plaintiff's pleadings are liberally construed, he still must ultimately satisfy the same pleading standards as every other plaintiff in order for his claims to proceed past a motion to dismiss or the initial screening mandated by statute. Merryfield, 584 F.3d at 924 n.1 (Plaintiff's "pro se status does not relieve him of his 'obligation ... to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'") (quoting Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir.2008)). Those

4

standards are not onerous, but they have not been met here, except for one § 1983 claim. The court finds no basis to excuse plaintiff from their requirements.

The court agrees with Judge Goodwin's analysis of the amended complaint and adopts the Report and Recommendation. Accordingly, all claims in the amended complaint are dismissed without prejudice, except for plaintiff's § 1983 claim against defendants Allbaugh and Shelight based on plaintiff's alleged confinement by them in an outdoor pen in extreme cold. The case will proceed on that one remaining claim.

Plaintiff has filed a motion for visit or appointment of counsel. The motion [Doc. #44] is denied at this time. The requested visit is inappropriate and the court concludes plaintiff's request for counsel is premature. Plaintiff may renew his request for counsel at some later time in this proceeding, at which point the court will be in a better position to evaluate the merits of his claim and consider the other factors which are considered relevant when determining whether counsel should be appointed to represent a litigant.

As the magistrate judge's order did not terminate the referral, the case shall proceed before Magistrate Judge Goodwin in accordance with the initial referral.

**IT IS SO ORDERED**

Dated this 13th day of June, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE