UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-654-G |
| JOE ALLBAUGH et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is the Motion to Quash Service of Process (Doc. No. 52), filed jointly by Defendants Joe Allbaugh and Mr. Shelight. This Motion is more properly characterized as presenting the defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). *See Gray v. Ritter*, No. CIV-09-909-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010) (R. & R.), *adopted*, 2010 WL 4880870 (W.D. Okla. Nov. 24, 2010). Plaintiff did not respond to Defendants' Motion within the time allotted. *See* LCvR 7.1(g).

I. *Federal Rules of Civil Procedure 4 and 12(b)(5)*

"Personal service under Rule 4 . . . notif[ies] a defendant of the commencement of an action against him." *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). Further, such service "provides the mechanism" for the court to "assert[] jurisdiction over the person of the party served." *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

Thus, a plaintiff's unexcused failure to comply with Rule 4 allows a district court to dismiss the action. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992); Fed. R. Civ. P. 4(m).

A Rule 12(b)(5) motion challenges the plaintiff's mode of serving process on the moving party. *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004)). In opposing a Rule 12(b)(5) motion, the plaintiff bears the burden of showing that he or she has "complied with all statutory and due process requirements." *Craig*, 2010 WL 680857, at *1. "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained." 5B Wright & Miller, *supra*, § 1354; *accord Gray*, 2010 WL 4880890, at *2.

## II. Background

On June 14, 2018, the Court issued an Order Requiring Service and Special Report (Doc. No. 46) and mailed the necessary forms for requesting issuance of summonses to Plaintiff along with the Order. *See* Doc. No. 46, at 1-3. The Court directed Plaintiff to complete these forms and submit them to the Court Clerk within 21 days. *See id.* at 2. The Court directed Plaintiff that, upon receipt of the summonses issued by the Court Clerk, Plaintiff must "cause a copy of . . . the Amended Complaint, along with a summons issued by the Court Clerk," to be served on the two remaining Defendants, Defendant Allbaugh and Defendant Shelight, "within ninety (90) days." *Id.* at 1-2. The Court also directed that

2

Plaintiff must file proof of service for each Defendant before the 90-day period expired—i.e., on or before September 12, 2018. *See id.* at 2 (citing Fed. R. Civ. 4(c), (d), (*l*), (m)).

On June 28, 2018, the Court received Plaintiff's request for the issuance of two summonses. *See* Doc. No. 47. Plaintiff included in this submission to the Court two summonses and two proofs of service. *See* Doc. No. 48. Each proof of service indicated that Plaintiff had already attempted service using copies of the summonses that had not yet been issued. *See id.* at 2, 4. The proofs of service reflect that on June 24, 2018—five days prior to the issuance of the summonses—Plaintiff attempted service upon Defendants Allbaugh and Shelight by mailing copies of the unissued summonses to the Oklahoma Attorney General using "the prison law library's legal mail system." *Id.* On June 29, 2018, the Court Clerk issued the summonses submitted on June 28, 2018, and mailed them to Plaintiff. *See id.* at 1, 3. Although the Court Clerk issued these valid summonses, Plaintiff has filed no documents with the Court indicating that the properly issued summonses were ever served on either Defendant.

III.  Discussion

   A.  Insufficient Content of the Summonses

Though Defendants do not raise this argument in their Motion, the Court notes that the summonses mailed by Plaintiff to the Oklahoma Attorney General do not comply with Federal Rule of Civil Procedure 4(a).

Federal Rule of Civil Procedure 4(a) sets forth the required content of a summons, including that it be "signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). "If the summons is properly completed, the clerk must sign, seal, and issue

3

it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). As noted, Plaintiff's proofs of service indicate that Plaintiff mailed copies of the summonses to Defendants Allbaugh and Shelight before mailing the summonses to the Clerk of Court for issuance. *See* Doc. No. 48, at 2 (proof of service signed by Plaintiff on June 24, 2018, in which Plaintiff states he "placed [Defendant Shelight's summons] in the prison law library legal mail system"), 4 (proof of service signed by Plaintiff on June 24, 2018, in which Plaintiff states he "placed [Defendant Allbaugh's summons] in the prison's law library mail system"). Thus, it appears that the summonses Plaintiff mailed to the Oklahoma Attorney General's Office were not signed by the Clerk of Court as required by Rule 4(a)(1)(F) and did not bear the Court's seal as mandated by Rule 4(a)(1)(G).

"A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants" and is "incurably defective." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) (citing *Cloyd v. Arthur Andersen & Co., Inc.*, 25 F.3d 1056 (10th Cir. 1994)). Thus, process was insufficient under Federal Rule of Civil Procedure 4(a).

      B. <u>Insufficient Service of Process</u>

Even if the form and content of process had complied with Federal Rule of Civil Procedure 4(a), the service method employed by Plaintiff was also defective under Rule 4 and Oklahoma law. In their Motion, Defendants challenge Plaintiff's service upon them because (i) the Oklahoma Attorney General was not authorized to accept service on Defendants' behalf, and (ii) Plaintiff himself placed the required documents in the mail for delivery. *See* Defs.' Mot. to Quash at 1-4. Defendants are correct on both points.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), service may be made upon an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The State of Oklahoma is both where this Court is located and where service is to be made. Thus, service upon Defendants Allbaugh and Shelight in accordance with the Oklahoma Pleading Code would satisfy Rule 4.

Pursuant to the Oklahoma Pleading Code, a summons and initial pleading may be served by "certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12, § 2004(C)(2)(b). Defendants contend that Plaintiff's service upon Defendants Allbaugh and Shelight failed to comply with the Oklahoma statutory requirements because Plaintiff directed the mailing to the Oklahoma Attorney General,[1] who "has not been authorized to accept service on behalf of Defendants." Defs.' Mot. to Quash at 4; *see* Okla. Stat. tit. 12, § 2004(C)(2)(c) (directing that service by mail requires "a return receipt showing acceptance *by the defendant*" (emphasis added)); Fed. R. Civ. P. 4(e)(1).

Defendants also point out that Plaintiff was not authorized to send those mailings *personally*. *See* Defs.' Mot at 1-4. Federal Rule of Civil Procedure 4(c)(2) prescribes that only a person who is "not a party" may serve a summons and complaint. Fed. R. Civ. P.

---

[1] Plaintiff appears to have mailed the summonses to the Oklahoma Attorney General because Defendants' counsel is an Assistant Attorney General at the Oklahoma Attorney General's Office. *See* Doc. No. 48, at 1 (Plaintiff noting that "Mr. Shelight can be served through his attorney only Ok St. Att. Gen, 313 N.E. 21st St, Okla City, OK 73105").

5

4(c)(2). And while Oklahoma law provides that service by mail can be accomplished by "a person specially appointed for that purpose," Okla. Stat. tit. 12, 2004(C)(1)(a), (2)(a), the Oklahoma Pleading Code expressly provides: "No prisoner in any jail, Department of Corrections facility, [or] private prison . . . shall be appointed by any court to serve process on any defendant, party or witness." *Id.* § 2004(C)(7).[2]

Accordingly, Plaintiff's proofs of service asserting that service was properly made should be quashed because the Oklahoma Attorney General was not authorized to accept service on Defendants' behalf and because Plaintiff was not authorized by federal rule or state law to himself mail the summonses and pleading to Defendants for the purpose of service. *See* Fed. R. Civ. P. 4(c)(2); Okla. Stat. tit. 12, § 2004(C)(1)(a), (2)(a), (7); *Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010); *see also Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014).

C. <u>Plaintiff's Motion for Extension of Time</u>

Though Plaintiff failed to object to Defendants' Motion to Quash, Plaintiff did file a motion requesting a thirty-day extension of time "for the . . . case." Pl.'s Mot. for Extension of Time (Doc. No. 53) at 1. Plaintiff explains that he is seeking the extension to gain "additional medical evidence (medical docs) pertaining to the . . . case [and] their effect upon Plaintiff's physical [and] mental condition." *Id.* The Court, however, has not

---

[2] Nor would Plaintiff be included in any of the other categories of individuals specifically authorized to serve a summons and pleading by mail under Oklahoma law: i.e., "the plaintiff's attorney," "the court clerk" in certain cases, "a sheriff or deputy sheriff," or "a person licensed to make service of process in civil cases." Okla. Stat. tit. 12 § 2004(c)(1)(a), (2)(a).

imposed any discovery deadlines that may be implicated by Plaintiff's request for additional time to obtain medical evidence. And, as relevant here, the Motion does not specifically seek additional time to serve Defendants or address Defendants' Motion to Quash.

CONCLUSION

Accordingly, Plaintiff's Motion for Extension of Time (Doc. No. 53) is DENIED. Defendants' Motion to Quash Service of Process (Doc. No. 52) is GRANTED to the extent the Motion seeks to quash Plaintiff's service attempts of June 2018 (*see* Doc. No. 48, at 2, 4). Plaintiff is ORDERED to show good cause in writing, on or before November 9, 2018, as to why his claims against Defendants Allbaugh and Shelight should not be dismissed due to Plaintiff's failure to serve these defendants within 90 days of June 14, 2018, the date of the Court's order for service. *See* Fed. R. Civ. P. 4(m). Absent such a showing, Plaintiff's claims against Defendants Allbaugh and Shelight shall be dismissed. *See id.*

ENTERED this 19th day of October, 2018.

_____
CHARLES B. GOODWIN
United States District Judge