# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRED SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-654-G |
| | ) | |
| **JOE ALLBAUGH et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Fred Smith, appearing pro se, filed an Amended Complaint on July 26, 2017, asserting claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his federal constitutional rights. *See* Am. Compl. (Doc. No. 36). For the reasons discussed below, the Court dismisses the remaining claims against Defendant Allbaugh and Defendant Shelight without prejudice for failure of service.

### I. Background

On June 14, 2018, the Court ordered service of the Amended Complaint upon Defendants Allbaugh and Shelight.[1] *See* Order of June 14, 2018 (Doc. No. 46). Pursuant to this Order, Plaintiff had 21 days from the date of the Order (*i.e.*, until July 5, 2018) to properly request the issuance of summonses and 90 days from the date of the Order (*i.e.*, until September 12, 2018) to ensure that a proof of service or waiver of service for each Defendant was filed with the Court. *See id.* at 2 (citing Fed. R. Civ. P. 4(c), (d), (*l*), (m)).

---

[1] On June 13, 2018, the Court dismissed all claims contained in Plaintiff's Amended Complaint, with the exception of Plaintiff's 42 U.S.C. § 1983 individual capacity claim against Defendant Allbaugh and Defendant Shelight based on Plaintiff's alleged confinement in an outdoor pen in extreme cold. *See* Doc. Nos. 40, 45.

Plaintiff was warned that "[t]he failure to file timely proofs of service as to either Defendant may result in the dismissal of the claims against that Defendant." *Id.* (citing Fed. R. Civ. P. 4(m)).

On June 28, 2018, the Court received Plaintiff's request for the issuance of two summonses; irregularly, the request included proofs of service indicating that Plaintiff had already attempted service using copies of the summonses that had not yet been issued by the Court. *See* Doc. No. 47. The Court issued summonses and mailed them to Plaintiff at his address of record. By Order dated October, 19, 2018, the Court—after quashing the irregular summonses for multiple reasons and finding that Plaintiff had not filed proofs of service for the issued summonses—directed that Plaintiff had until November 9, 2018, to show good cause in writing as to why his claims against Defendants Allbaugh and Shelight should not be dismissed without prejudice. *See* Order of Oct. 19, 2018 (Doc. No. 55) at 7. The Order expressly warned Plaintiff that failure to show good cause may result in the dismissal of Plaintiff's claims against these Defendants. *See id.* (citing Fed. R. Civ. P. 4(m)).

This Order was mailed to Plaintiff at the most recent address provided, and there is no indication from the docket that the Order was returned as nondeliverable or otherwise not received by Plaintiff. As of this date, Plaintiff has failed to respond to the Court's Order. And Plaintiff at no time has filed documents with the Court reflecting that the issued summonses were properly served on either Defendant.

*II.     Discussion*

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon the Defendants within the prescribed time limit is grounds for dismissal of all claims against those Defendants, absent sufficient justification for this failure. *See* Fed. R. Civ. P. 4(m).

District courts in this circuit "employ[] a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). First, if the plaintiff shows good cause for his or her failure to properly serve a defendant, the court must extend the deadline for an appropriate period. *Id.*; Fed. R. Civ. P. 4(m). Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendants, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m).

Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. The court should consider several factors in making this determination, including

whether "the applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n.8 (internal quotation marks omitted). Neither Defendant Allbaugh nor Defendant Shelight is a United States officer or employee, and Plaintiff is not proceeding *in forma pauperis* in this action. *See* Fed. R. Civ. P. 4(i)(3).

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m),[2] and the Court discerns no other policy considerations that warrant another permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in a dismissal without prejudice and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016) (affirming dismissal under Rule 4(m) where "the district court first notified [Plaintiff] of its intention to dismiss the claims against [Defendants] for failure of service and gave [Plaintiff] time to show good cause for the failure of service").

---

[2] Though the two-year statute of limitations has likely expired for Plaintiff's § 1983 claims against Defendants Allbaugh and Shelight, the expiration would not necessarily bar Plaintiff from refiling the action against these defendants, if the claims are dismissed under Rule 4(m). *See* Am. Compl. Ex. 2 (Doc. No. 36-2) at 1; *Espinoza*, 52 F.3d at 842. Plaintiff likely could rely upon Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, to file a new action against Defendants Allbaugh and Shelight within one year of dismissal under Rule 4(m) because such a dismissal represents a "failure 'otherwise than on the merits' within the meaning of § 100." *Harper v. Bearden*, No. CIV-14-563-HE, 2015 WL 9590268, at *4 (W.D. Okla. Nov. 17, 2015) (R. & R.) (quoting *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1277 (Okla. 1991)), *adopted sub nom. Harper v. Okla. Dep't of Corr. Dir.*, 2015 WL 9581862 (W.D. Okla. Dec. 30, 2015); *see Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (explaining that the "Oklahoma saving statute applies to § 1983 claims"); *Mann v. Center*, No. CIV-15-1276-D, 2017 WL 544594, at *2 (W.D. Okla. Feb. 10, 2017).

4

CONCLUSION

Accordingly, the Court DISMISSES the remaining individual capacity claim against Defendant Allbaugh and Defendant Shelight without prejudice for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff's pending motion (Doc. No. 54) is denied as moot.

IT IS SO ORDERED this 26th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge